**COMP**
**THE THATER LAW GROUP, P.C.**
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
6390 W. Cheyenne Ave., Suite A
Las Vegas, Nevada 89108
Telephone: (702) 736-5297
Fax: (702) 736-5299
Email: lani@thaterlawgroup.com

*Attorney for Plaintiff*
THOMAS BIRGMANN

**UNITED STATES DISTRICT COURT**
**DISRTICT OF NEVADA**

| | |
|---|---|
| THOMAS BIRGMANN, an individual,<br>Plaintiff,<br>vs.<br><br>CAPITAL ONE SERVICES, LLC, a foreign limited-liability company; DOES 1 through 10 inclusive; ROES CORPORATIONS/ENTITIES 1 through 10 inclusive,<br>Defendant(s). | Case No.<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff THOMAS BIRGMANN for his causes of action against the above-named Defendant, complains and alleges as follows:

**I.**
**INTRODUCTION**

Plaintiff believes Defendant subjected him to wrongful discrimination on the basis of his disability that confines him to a mobilized scooter in violation of the Americans with Disabilities Act of 1990, as Amended (ADA) and Nevada law. Plaintiff has been employed with Defendant since 1999 and is considered one of the longer tenured employees although the current status of his employment is unknown. Plaintiff was previously informed that he would be next in line for promotions via the "Step Program" Defendant utilizes to ready employees for advancement into management positions. Furthermore, Plaintiff was issued denial

letters or the inquired were simply removed for the positions in management he applied for.

Additionally, Plaintiff was out of work on long-term disability but actively made attempts to return and made further inquiries into management positions. Defendant had multiple opportunities to update Plaintiff on the status of his employment, nor was Plaintiff ever issued any notification of termination. Plaintiff also continued his inquiry as to any open positions for management, a list of which was never provided to Plaintiff during his period of long-term disability leave. Plaintiff alleges and reaffirms that due to his disability that has confined him to a mobilized wheel chair, Defendant unlawfully and maliciously refused to promote him or offer any type of advancement in the company, while also using his long-term disability leave as motive to essentially terminate his position without cause.

## II.
## GENERAL ALLEGATIONS

1. This is an action brought pursuant to the Americans with Disabilities Act of 1990, as Amended (ADA), 42 U.S.C. § 12101 *et seq*., and Nevada Revised Statute §613.310 *et. seq.*

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question.

3. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in the District of Nevada. Venue is also proper in this District under 28 U.S.C. §1391(b)(1) because Defendant resides in the District of Nevada.

4. Plaintiff THOMAS BIRGMANN is and was, at all times relevant herein, a male individual who developed an illness and is now protected under the Americans with Disabilities Act of 1990, as Amended. Plaintiff is an "employee" under NRS §613.310 and 42 U.S.C. §2000e (f) for the purposes of this action.

5. Upon information and belief, Defendant CAPITAL ONE SERVICES, LLC is and was, at all times relevant to herein, a foreign limited-liability company doing business in the State of Nevada. Defendants,

and each of them, are an "employer" under NRS §613.310(2) and 42 U.S.C. §2000e(b), and for purposes of this action.

6. Plaintiff timely files this suit following receipt of Right to Sue Letter from the Equal Employment Opportunity Commission (EEOC). Plaintiff complied with all of the administrative requisites of the Nevada Equal Rights Commission (NERC) and/or the EEOC to file suit against Defendant, under NRS §613.310, *et seq.*

7. Upon information and belief, and at all times relevant hereto, Defendants named and/or fictitiously named, and/or other names, or each of them, were the agents, ostensible agents, servants, employees, employers, alter-egos, partners, co-owners and/or joint ventures of each other and of their co-Defendants, and were acting within the color, purpose, and scope of their employment, agency, ownership, and/or joint ventures, and by reason of such relationships, the Defendants, and each of them, are jointly and severally responsible and liable for the acts or omissions of their co-Defendants, as alleged herein. The true names and capacities whether individual, corporate, associate or otherwise of Defendants DOES I through X, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore, alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and legally caused injury and damages proximately thereby to Plaintiff as herein alleged. Plaintiff is informed and believes and thereon alleges that Defendants participated in, ratified and/or condoned the acts complained of in Plaintiff's Complaint and the subject matters of this action.

## III.
## FACTUAL ALLEGATIONS

8. On or about August of 1999, Defendant hired Plaintiff as a Background Investigator with an hourly rate of $10.50.

9. In 2001 Plaintiff transferred to a location in the Las Vegas, Nevada area and began working in

different areas of the Company that introduced him to the different sectors of the industry.

10. In or around 2006, Plaintiff was informed by his then Manager Ms. Shaunetta Wiggins that he had been doing an exceptional job and would be next in line for a senior position and qualification for the "Steps Program" that trains perspective management members.

11. Plaintiff between 2008 up to and including 2016 applied for numerous positions with Defendant that was denied and/or looked over in favor of less favorable employees who did not have any disabilities that may have affected them unlike Plaintiff who was confined to a motorized scooter.

12. On or about November of 2015, Plaintiff inquired about an upcoming management position to be filed in December of 2015. Plaintiff was denied the opportunity and was given no interview or correspondence on the matter. Plaintiff later discovered the position was given to a 23 year individual with no credit or management experience.

13. On or about September of 2015, Plaintiff complained once more to HR / Association Relations Traci Nelson about what he believed to be disability discrimination and harassment in the work place. Ms. Nelson allegedly told Plaintiff that she would investigate the matter and would report her findings to Plaintiff. This never occurred.

14. On or about August of 2016, Plaintiff inquired as to the current status of his employment with Defendant following leave on long-term disability. Plaintiff specifically stated that if he did not hear back from Defendant he would assume he was no longer employed and subsequently terminated. Plaintiff alleges that Defendant never returned any information to him regarding his status of unemployment and assumes he was terminated without cause.

///

///

///

## IV.

## CAUSE OF ACTION

**NEVADA REVISED STATUTE §613.310 *et seq.*, and AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED, 42 U.S.C. § 12101 *et seq.*, and FAMILY MEDICAL LEAVE, 29 U.S.C § 2601 *et seq.*,**

15. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

16. By subjecting Plaintiff to intentional disability discrimination, Defendant violated N.R.S. §613.310 *et seq*. and the Americans with Disabilities Act of 1990, as Amended (ADA), 42 U.S.C. §12101 *et seq*.

17. By subjecting Plaintiff to intentional Family Medical Leave discrimination, Defendant violated 29 U.S.C. §2601 *et seq.*

18. That as a direct and proximate result of Defendant's acts and conduct, Plaintiff incurred and continues to incur, economic damages, great pain of body and mind, medical and future medical expenses, loss of earnings, loss of earning capacity, loss of enjoyment of life, and other damages, all to Plaintiff's detriment in an amount to be determined, according to proof at time of trial.

19. As a further result of Defendant's above described actions, Plaintiff has been required to engage the services of attorneys and is, therefore, entitled to an award of reasonable attorneys' fees, costs and interest/incurred herein.

WHEREFORE, Plaintiff prays for the following relief:

20. Back-pay, front pay, lost benefits, statutory and other recoverable damages, and pre-judgment interest and post-judgment interest;

21. Compensatory damages, and damages for mental or emotional pain and suffering, as permitted by applicable law, according to proof, to be determined at time of trial;

22. Punitive and/or other permissible damages, according to proof to be determined at time of trial;

23. Attorney's fees, expenses and costs of suit; and

24. Such other and further relief as the Court may wish to entertain.

DATED this 13th day of March, 2017.

**THE THATER LAW GROUP, P.C.**
BY:/s/ M. Lani Esteban-Trinidad
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
6390 W. Cheyenne Ave., Suite A
Las Vegas, Nevada 89108
Tel: (702) 736-5297
Fax: (702) 736-5299

Attorney for Plaintiff,
THOMAS BIRGMANN

**JURY DEMAND**

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

BY:/s/ M. Lani Esteban-Trinidad
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
6390 W. Cheyenne Ave., Suite A
Las Vegas, Nevada 89108
Tel: (702) 736-5297
Fax: (702) 736-5299

Attorney for Plaintiff,
THOMAS BIRGMANN